## STATE COURT OF APPEALS—Continued

### No. 429

### HAAS v. CLEVELAND RY. CO. et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6359. Decided April 19, 1926

**301. CONTRIBUTORY NEGLIGENCE—Passenger alighting from car, not looking to see if street is safe to step on, is guilty of contributory negligence.**

SULLIVAN, J.

Helen Haas brought this action in Cuyahoga Common Pleas to recover damages for injuries sustained when she was alighting from a street car. She joined the Cleveland Ry. Co. and the city of Cleveland as parties defendant. Evidence showed that she had stepped from the street car into a hole in street. Counsel for defendants brought out the fact in cross examination that she had not looked before alighting, to observe whether or not the street was in such condition that stepping thereon would be safe.

After evidence was all in the court directed a verdict in favor of the Ry. Co. and the city. From this Haas prosecuted error. The court of appeals held:

1. The evidence is very clear that Haas did not observe the hole into which she stepped when getting off car.

2. It is also clear that said hole was plainly visible and could have been seen if Haas had observed ordinary care when alighting from car.

3. She was therefore guilty of contributory negligence and court did not err in directing verdict in favor of Ry. Co.

4. The city is bound to keep the streets in a safe condition so the verdict in favor of the city is reversed.

Attorneys—Bernon, Mulligan, Keeley and LeFever for Haas; Squire, Sanders & Dempsey and Geo. Smith for the Ry. Co. and city; all of Cleveland.

### No. 430

### WALINGFORD COAL CO. v. W. & L. E. RY. CO.
### &
### WALINGFORD COAL CO. v. ERIE R. R. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Nos. 6339-6340. Decided April 26, 1926

**208. CARRIERS—Where, thru mistake, shipper assigns good to person using assumed name, and goods are delivered to him, loss falls on shipper and not on carrier.**
LEVINE, P. J.

This cause arose in Cuyahoga Common Pleas on an agreed statement of facts as follows:

One, Geo. Adams, assuming the name of Wm. McFadden, opened offices in Cleveland, and conducted a business of buying and selling coal under that name. He carried balances in Cleveland banks under the same name. He placed an order for coal with the Walingford Coal Co. who before shipping same procured Bradstreet Mercantile Agency to investigate McFadden. The agency gave a favorable report, so the Company shipped coal consigned to Wm. H. McFadden, which in due course was delivered to him by the railroad companies. The Company now contends that the railroads are liable to them because of delivery to Adams. Judgment being for the railroad, error was prosecuted to the court of appeals, which held:

1. The goods were consigned to a person known to shipper as McFadden and were delivered to said person by the carriers.

2. A carrier who delivers goods to the consignee is not liable to the shipper for any loss thereby occasioned him, because of some error of the shipper's as to the identity of the person to whom he consigned the goods.

3. In such case it is the shipper's and not the carrier's loss, because the carrier merely followed the shipper's instructions.

Judgment affirmed.

Attorneys—Horace F. Baker; Treadway and Martlatt for Coal Co.; Squire, Sanders and Dempsey; Cook, McGowan, Foote, Bushnell and Burgess for Railroads; all of Cleveland.